WILLIAM D. GALLOWSHAW *vs.* THE LONSDALE COMPANY.

PROVIDENCE—JULY 25, 1903.

PRESENT: Stiness, C. J., Douglas, J.

(1) *New Trial.*   *Entry of Judgment for Defendant.*

Gen. Laws cap. 251, § 11, providing that the Appellate Division, after considering a petition for new trial, may direct entry of judgment and make such further orders in the cause as to law and justice shall appertain, authorizes the entry of judgment for defendant, upon petition of plaintiff for new trial. There is no question for a jury when facts are not controverted, or it clearly appears what course a person of ordinary prudence would pursue, or where the standard of duty is fixed or the negligence is clearly defined and palpable.

(2) *Negligence.*   *Master and Servant.*   *Elevators.*

Where compliance by the defendant with the statute in regard to elevators is shown, with no evidence of other fault, no negligence appears.

TRESPASS ON THE CASE for negligence. Heard on motion of plaintiff for re-argument after entry of judgment for defendant.

(1)   PER CURIAM. Gen. Laws cap. 251, § 11, provides that the Appellate Division, after considering a petition for new trial, may direct entry of judgment and make such further orders in the cause as to law and justice shall appertain.

(2)   The court did not hold that a compliance with the law in regard to elevators was "sufficient in itself to compel a jury to find that the defendant used due care," but it held that the compliance with the statute, which furnished a warning, being shown, with no evidence of other fault by the defendant, there was no negligence on its part.

The statutes of 1901–1902 referred to in the motion for re-argument were passed after the accident, and cannot be considered.

Gen. Laws cap. 108, § 15, has no application, as the elevator-well was inaccessible from without when the elevator was moving. The death of the boy was not caused by falling into the elevator-well, but by the pushing of the trap-door which guarded it.

There is no question for a jury when facts are not controverted, or it clearly appears what course a person of ordinary prudence would pursue, or where the standard of duty is fixed or the negligence is clearly defined and palpable. *Elliott v. Newport*, 18 R. I. 707.

Motion for re-argument denied.

TILLINGHAST, J., dissents from the order directing judgment for the defendant, *non obstante veredicto*, in this case, on the ground that, under the evidence submitted, it was competent for the jury to find that the defendant was guilty of negligence in not properly guarding the opening in the floor where the elevator came through; and, also, that it was competent for the jury to find that the plaintiff's minor son, considering his age and the circumstances under which the fatal accident occurred, was not guilty of contributory negligence.

The verdict of the jury, therefore, ought not to be disturbed.

*Hugh J. Carroll*, for plaintiff.

*Miller & Carroll*, for defendant.